

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-21-00108-CV
_____

CASEY G. DOBBS, APPELLANT

V.

SHAWN BALLEW AND BRENT WARDEN, APPELLEES

On Appeal from the County Court
Oldham County, Texas
Trial Court No. 772, Honorable David L. Gleason, Presiding

June 15, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Casey G. Dobbs, a Texas inmate proceeding pro se, filed a notice of appeal from the trial court's *Order of Dismissal* without paying the required filing fee.[1]  By letter of May 14, 2021, we directed Dobbs to pay the filing fee or, in lieu thereof, to comply

---

[1] Dobbs filed a notice of appeal within fifteen days after the notice of appeal deadline.  By letter of May 17, 2021, we notified Dobbs that a motion for an extension of time was implied and directed him to provide a reasonable explanation for his late notice.  *See* TEX. R. APP. P. 26.3, 10.5(b); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).  Because Dobbs has filed a response reasonably explaining the delay, an extension of time to file the late notice of appeal is granted.

with chapter 14 of the Civil Practice and Remedies Code by filing 1) an affidavit of indigence, 2) an affidavit relating to previous filings, and 3) a certified copy of his inmate trust account statement. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004 (West 2017). We advised Dobbs that this appeal was subject to dismissal if he did not comply by May 24, 2021. Dobbs has filed an affidavit of indigence but has not filed an affidavit describing his previous filings or a certified copy of his inmate trust account statement to date.

The requirement to pay the filing fee or tender an affidavit of indigence, an affidavit of previous filings, and a certified copy of an inmate trust account statement is mandatory, and the lack thereof is grounds for dismissal of an appeal or original proceeding. *See In re Denson*, No. 07-20-00191-CV, 2020 Tex. App. LEXIS 6966, at *1 (Tex. App.—Amarillo Aug. 27, 2020, orig. proceeding) (per curiam) (mem. op.). Because Dobbs has failed to pay the filing fee or comply with all the requirements of chapter 14 of the Civil Practice and Remedies Code within the time provided for compliance, we dismiss his appeal.

Per Curiam